UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAMUEL SHAMBA WARLICK,

    Petitioner,

v.                                    CASE NO. 6:12-cv-1897-Orl-31DAB
                                            (6:11-cr-52-Orl-31DAB)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Samuel Shamba Warlick (Doc. No. 1). The Government filed a response (Doc. No. 5) to the section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a reply (Doc. No. 7) to the response.

Petitioner alleges two claims for relief in his motion: (1) he "was constructively denied counsel during the sentencing stage of the proceedings"; and (2) he "was constructively denied counsel during the pretrial stage of the proceedings."

### I. *Procedural History*

The Government charged Petitioner by indictment with one count of distribution of child pornography and one count of possession of child pornography (Criminal Case

No. 6:11-cr-52-Orl-31DAB, Doc. No. 8, filed February 9, 2011).[1] Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter a guilty plea to count one of the indictment (Criminal Case Doc. No. 24, filed May 26, 2011). Petitioner entered his plea before Magistrate Judge David A. Baker, who filed a Report and Recommendation Concerning Plea of Guilty recommending that the plea agreement and the guilty plea be accepted (Criminal Case Doc. No. 28, filed May 27, 2011).

On June 13, 2011, this Court entered an Acceptance of Plea of Guilty and Adjudication of Guilt in which the guilty plea was accepted and Petitioner was adjudicated guilty of the offense (Criminal Case Doc. No. 31, filed June 13, 2011). On December 7, 2011, the Court entered a Judgment in a Criminal Case in which Petitioner was sentenced to imprisonment for a term of 150 months, to be followed by supervised release for a total term of 20 years (Criminal Case Doc. No. 45). Petitioner did not file a direct appeal.

### III.    *Analysis of Petitioner's Claims*

Petitioner argues in claim one that he "was constructively denied counsel during the sentencing stage of the proceedings" because of the following: counsel failed to present the mitigating testimony of Petitioner's treating psychologist at sentencing; counsel failed to inform Petitioner, prior to sentencing, of a letter prepared by Pat

---

[1] Criminal Case No. 6:11-cr-52-Orl-31DAB will be referred to as "Criminal Case."

Hendrick and introduced by the Government at sentencing; and counsel failed to object to a sentencing enhancement. Petitioner argues in claim two that he "was constructively denied counsel during the pretrial stage of the proceedings" because of the following: counsel failed to move to suppress the evidence obtained from his "Gigatribe profile"; and counsel "failed to seek complete suppression of the evidence."

The Government argues that, as a result of the terms of the plea agreement, Petitioner has waived the right to appeal his sentence, directly or collaterally, and, therefore, the claims raised in his section 2255 motion should be denied.

> Sentence appeal waivers are enforceable when made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show that either (1) the court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id*. at 1351. We cannot disregard prior binding precedents—even for policy reasons—until those cases are abrogated by the Supreme Court, or overruled by this Court sitting en banc, which has not occurred with respect to *Bushert*. *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010).

*United States v. Pizarro-Campos*, 506 F. App'x 947, 949 (11th Cir. 2013).

As discussed above, Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. No. 24). Pursuant to the agreement, Petitioner agreed:

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the

3

> ground that the sentence exceeds [his] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then [Petitioner] is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

*Id.* at 14 (emphasis in original). Petitioner agreed that he was entering into the plea agreement freely, voluntarily, and not in exchange for any promises, other than those contained in the plea agreement. *Id.* at 15.

At the plea hearing, the Court informed Petitioner that "[o]nce you are sentenced by the district judge, under your plea agreement you are, for most purposes, giving up any right to appeal or to challenge the sentence imposed. There are certain exceptions to that . . . . You won't be able to challenge it on appeal or any kind of collateral attack under habeas corpus Section 2255 or otherwise." *See* Transcript of Change of Plea Hearing at 14. Petitioner stated that he understood. *Id.* Petitioner also stated that he was satisfied with the services of his attorney, that he had not been threatened or coerced into pleading guilty, that he had read and discussed the plea agreement with his attorney, that the plea agreement contained all the promises he had made to the Government and all the promises the Government had made to him, and that he was entering his guilty plea freely and voluntarily. *Id.* at 8-11, 14-15, 21.

Here, it is clear from the plea agreement and the plea colloquy that Petitioner knowingly and voluntarily waived his right to appeal and seek collateral review of his

sentence. During the plea colloquy, the Court specifically informed him of the presence of the appeal/collateral review waiver, and Petitioner verified that he understood it. Moreover, even if the Court's questions regarding the sentence appeal/collateral review waiver had been insufficiently specific, Petitioner signed the overall plea agreement and initialed the page containing the waiver. This, combined with his responses during the plea colloquy, make it manifestly clear that Petitioner understood the full significance of the waiver. Thus, Petitioner's waiver is valid.

The Court is aware that an appeal waiver does not bar a section 2255 claim that either the defendant's plea or the appeal waiver itself is invalid due to ineffective assistance of counsel. *See Patel v. United States*, 252 F. App'x. 970, 975 (11th Cir.2007). However, Petitioner's ineffective assistance of counsel claims deal with sentencing issues or pretrial issues unrelated to the plea or the appeal/collateral relief waiver. As a result, the waiver provision in Petitioner's plea agreement precludes this Court from considering Petitioner's claims, and, therefore, they are denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Samuel Shamba Warlick (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:11-cr-52-Orl-31DAB.

5

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 53) filed in criminal case number 6:11-cr-52-Orl-31DAB.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 19th day of September, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 9/19

---

[2]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Samuel Shamba Warlick
Counsel of Record